An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DONALD DEE MARTIN,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 61206

**FILED**

APR 1 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant filed his petition on November 16, 2011, more than two years after issuance of the remittitur on direct appeal on September 29, 2009. Martin v. State, Docket No. 51244 (Order of Affirmance, September 3, 2009). Thus, appellant's petition was untimely filed. See NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 10516

different from those raised in his previous petition.[2]   See NRS 34.810(1)(b)(2); NRS 34.810(2).   Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice.   See NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

Appellant claimed that failure to raise certain claims in his previous petition was caused by ineffective assistance of his trial and appellate counsel.   Appellant's claim lacks merit as a procedurally barred claim of ineffective assistance of counsel cannot constitute cause for additional claims of ineffective assistance of counsel.   See Hathaway v. State, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).   Moreover, appellant failed to explain why he could not have raised his current claims of ineffective assistance of trial and appellate counsel in his first petition. See id. at 253, 71 P.3d at 506.

Next, appellant claimed that failure to consider his claims on the merits would be a fundamental miscarriage of justice.   In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence—factual innocence, not legal innocence.   Pellegrini v. State, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); Calderon v. Thompson, 523 U.S. 538, 559 (1998).   Appellant did not demonstrate actual innocence because he failed to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'"   Calderon, 523 U.S. at 559 (quoting Schlup v. Delo,

---

[2]Martin v. State, Docket No. 58437 (Order of Affirmance, October 5, 2011).

513 U.S. 298, 327 (1995)); see also Pellegrini, 117 Nev. at 887, 34 P.3d at 537; Mazzan v. Warden, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). We therefore conclude that the district court did not err in denying appellant's petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:   Hon. Michelle Leavitt, District Judge
      Donald Dee Martin
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk