An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

SAMMY MARVIN HARRIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61394

**FILED**

APR 1 2 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant filed his petition on April 26, 2012, more than six years after issuance of the remittitur on direct appeal on February 7, 2006. Harris v. State, Docket No. 42695 (Order of Affirmance, January 10, 2006). Thus, appellant's petition was untimely filed. See NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10894

different from those raised in his previous petition.[2] See NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. See NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Appellant claimed that his procedural defects could be explained by a mental relapse that occurred in May 2003 and lasted until April 2012. Appellant claimed that he was not capable of understanding post-conviction procedures during this time period. Appellant failed to demonstrate good cause. Appellant litigated a motion for a new trial, a motion to withdraw a guilty plea, and a post-conviction petition for a writ of habeas corpus during this time period. Appellant failed to demonstrate that the claims in the instant petition were not reasonably available to be raised in a timely petition. See Hathaway v. State, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). To the extent that appellant claimed that he was actually innocent and that this should overcome his procedural defects, appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); see

---

[2]Harris v. State, Docket No. 53196 (Order of Affirmance, October 21, 2009). Appellant also litigated a motion for a new trial and a motion to withdraw guilty plea. Harris v. State, Docket No. 50285 (Order of Affirmance, April 25, 2008).

also <u>Pellegrini v. State</u>, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); <u>Mazzan v. Warden</u>, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). We therefore conclude that the district court did not err in denying appellant's petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:　　Hon. Stefany Miley, District Judge
　　　Sammy Marvin Harris
　　　Attorney General/Carson City
　　　Clark County District Attorney
　　　Eighth District Court Clerk

---

[3]We deny the proper person motion to stay this appeal.