An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

PHILLIP BRYON ASHDOWN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61404

**FILED**

MAY 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant filed his petition on June 4, 2012, more than two years after issuance of the remittitur on direct appeal on June 2, 2010. *Ashdown v. State*, Docket No. 54264 (Order of Affirmance, May 7, 2010). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of cause for the delay and undue prejudice. *See id.*

To excuse his delay, appellant claimed that he had been moved to various facilities and that he lacked adequate law library access. Appellant further claimed that ineffective assistance of trial and appellate counsel provided cause for the delay. We conclude that the district court did not err in rejecting the good cause arguments because appellant failed

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

13 - 14050

to demonstrate that an impediment external to the defense prevented him from filing a timely petition. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Appellant's arguments relating to his movement to different facilities and law library access were not supported by specific facts warranting relief. *See Hargrove v. State*, 100 Nev. 498, 686 P.2d 222 (1984). Appellant's claims of ineffective assistance of trial and appellate counsel were themselves procedurally barred and cannot provide good cause for the delay. *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506. To the extent that appellant claimed that a fundamental miscarriage of justice—actual innocence—should overcome his procedural defects, appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Hon. Brent T. Adams, District Judge
Phillip Bryon Ashdown
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk