An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

LORNE DOUGLAS RICHARDSON
A/K/A JEFFREY JAMES BRAWLEY,
Appellants,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61768

FILED

MAY 1 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

Appellant filed his petition on June 18, 2012, more than 12 years after entry of the judgment of conviction on March 29, 2000. Thus, appellant's petition was untimely filed.[2] *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]In this case, the proper measure for filing a timely petition is entry of the original judgment of conviction because appellant did not file a timely direct appeal, *see Dickerson v. State*, 114 Nev. 1084, 1087, 967 P.2d 1132, 1133-34 (1998), and appellant did not challenge any changes made in an amended judgment of conviction filed on July 18, 2012. *See Sullivan v. State*, 120 Nev. 537, 541, 96 P.3d 761, 764 (2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-14188

of the writ as he raised claims new and different from those raised in his previous petition.[3] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. *See* NRS 34.800(2).

Appellant first claimed the procedural bars should not apply because this court disapproved of the natural-and-probable-consequences doctrine regarding aiding and abetting in *Mitchell v. State*, 122 Nev. 1269, 149 P.3d 33 (2006), and that ruling came out after appellant filed his first petition. The *Mitchell* case discussed and applied this court's conclusions from *Sharma v. State*, 118 Nev. 648, 56 P.3d 868 (2002). 122 Nev. at 1275-1277, 149 P.3d at 37-38. As *Sharma* was issued prior to appellant's first petition, the legal grounds for appellant's claim were available to be raised in an earlier petition. Appellant also provided no explanation for the delay from the issuance of the *Mitchell* decision in 2006. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). In addition, the *Mitchell* and *Sharma* cases had no bearing on appellant's conviction because appellant was charged as the person who actually stabbed the victims and not as an aider and abettor. Therefore, appellant failed to overcome the procedural bars.

Next, appellant claimed it would be a fundamental miscarriage of justice to apply the procedural bars because he is actually innocent. In order to demonstrate a fundamental miscarriage of justice, a

---

[3]*Richardson v. Warden*, Docket No. 41296 (Order of Affirmance, February 11, 2004).

petitioner must make a colorable showing of actual innocence—factual innocence, not legal innocence. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Appellant did not demonstrate actual innocence as all of his claims involve legal innocence, and therefore, he failed to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon*, 523 U.S. at 559 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996).

Finally, appellant failed to overcome the presumption of prejudice to the State. Therefore, the district court did not err in denying the petition as procedurally barred and barred by laches. Accordingly, we ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[4]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Abbi Silver, District Judge
Lorne Douglas Richardson
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk