An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

TYRONE LAFAYETTE GARNER,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61544

**FILED**

MAY 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK



### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant filed his petition on June 28, 2012, more than 11 years after issuance of the remittitur on direct appeal on February 20, 2001.[2] Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed two post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised several new and different claims from those raised in his previous petitions.[3] *See* NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Garner v. State*, 116 Nev. 770, 6 P.3d 1013 (2000).

[3]*Garner v. State*, Docket No. 39203 (Order of Affirmance, March 21, 2003); *Garner v. State*, Docket No. 51053 (Order of Affirmance, March 16, 2011).

13-14391

34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

First, appellant claimed that this court's decision in *Nika v. State*, 124 Nev. 1272, 198 P.3d 839 (2008), provided good cause to raise his claim that he received a flawed jury instruction on the elements of first-degree murder because the jury was given the *Kazalyn* instruction on premeditation. *Kazalyn v. State*, 108 Nev. 67, 75-76, 825 P.2d 578, 583-84 (1992), *receded from by Byford v. State*, 116 Nev. 215, 235, 994 P.2d 700, 713-14 (2000). Even assuming *Nika* provided good cause when that decision was issued, appellant failed to excuse the entire delay because he waited approximately four years from the *Nika* decision before he filed this petition. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). Further, appellant failed to demonstrate actual prejudice. This court concluded on direct appeal that there was sufficient evidence for appellant's murder conviction under the felony-murder rule. *Garner*, 116 Nev. at 782, 6 P.3d at 1021. Therefore, appellant cannot demonstrate prejudice related to the premeditation instruction.

Second, appellant claimed that the prison's law library was inadequate and the inadequacies caused the delay in raising his current claims. Appellant asserted he has been actively litigating his case in federal court and has previously litigated two post-conviction petitions for a writ of habeas corpus in Nevada state court. Appellant's prior petitions indicate adequate access to the prison library, and thus he failed to demonstrate official interference caused him to be unable to comply with the procedural bars. *See Hathaway*, 119 Nev. at 252, 71 P.3d at 506. Moreover, appellant failed to demonstrate that inadequate law libraries or

inadequate assistance from legally trained persons caused a lack of meaningful access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977), *limited by Lewis v. Casey*, 518 U.S. 343 (1996). Therefore, the district court did not err in concluding that appellant failed to overcome the procedural bars.

Next, appellant claimed the procedural bars should not apply because he is actually innocent. In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence—factual innocence, not legal innocence. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Appellant did not demonstrate actual innocence as all of his claims involved legal innocence, and therefore, he failed to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon*, 523 U.S. at 559 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Therefore, the district court did not err in denying the petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C. J.
Pickering

_____, J.
Gibbons

_____, J.
Saitta

cc: Hon. Michelle Leavitt, District Judge
Tyrone Lafayette Garner
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk