An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSE LOPEZ GARCIA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62324

**FILED**

JUN 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## ORDER OF REVERSAL AND REMAND

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1]  Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant filed his petition on September 6, 2012, more than twelve years after issuance of the remittitur on direct appeal on January 25, 2000.  *Garcia v. State*, Docket No. 32879 (Order Dismissing Appeal, December 27, 1999).  Thus, appellant's petition was untimely filed.  *See* NRS 34.726(1).  Moreover, appellant's petition was successive because he had previously litigated a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ to the extent that he raised claims new and different from those raised in his previous petition.[2]  *See*

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted.  *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Garcia v. State*, Docket No. 53154 (Order of Affirmance, February 4, 2010).

13-17956

NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Good cause must be an impediment external to the defense and may be demonstrated when the factual basis for a claim was not reasonably available to be raised in a timely petition. S*ee Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).

Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2). To overcome application of the procedural bars and the presumption of prejudice to the State, a petitioner must demonstrate a fundamental miscarriage of justice—a colorable showing of actual innocence.[3] *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). In order to demonstrate actual innocence, a petitioner must show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan,* 112 Nev. at 842, 921 P.2d at 922.

Appellant claimed that new evidence that the victim had recanted her story provided good cause for his late and successive petition

---

[3]Actual innocence serves as a gateway to litigate constitutional violations in an otherwise procedurally-barred petition. A freestanding claim of actual innocence is not permitted in a post-conviction petition for a writ of habeas corpus. *See* NRS 34.724(1).

and that the new evidence demonstrated actual innocence sufficient to overcome application of the procedural bars. Appellant asserted that he learned in July 2012 that the victim had told Guillermina Castrejon and Carlos Garcia that appellant had never sexually abused the victim and that she lied at trial because she wanted to marry appellant. Appellant indicated that the recantation was recorded and that supporting documents would be presented with the petition. However, no such documents were presented with the petition. The district court denied the petition without appointing counsel and without conducting an evidentiary hearing.

Based upon our review of the record on appeal, we cannot affirm the decision of the district court to deny the petition without an evidentiary hearing. Appellant is entitled to an evidentiary hearing if he raised claims that, if true, would entitle him to relief and if his claims were not belied by the record. *See Hargrove v. State*, 100 Nev. 498, 503, 686 P.2d 222, 225 (1984). Here, appellant made a specific, factual argument that the victim had told others that she was not sexually abused by appellant and that she lied at trial. The record does not belie appellant's claim that the victim recanted her story of sexual abuse and that he only learned of the recantation in July 2012. Given the nature of the offenses, the victim's testimony was critical to the State's case. Appellant may be able to demonstrate that it is more likely than not that no reasonable juror would have convicted him in light of the recantation, if in fact the victim has recanted her story.

While appellant's argument that he was actually innocent has been previously rejected, *Garcia v. State*, Docket No. 53154 (Order of

Affirmance, February 4, 2010), the recantation claim in the instant petition is dissimilar enough to his prior actual-innocence claim of fabricated testimony to withstand application of the doctrine of the law of the case. And while the district court correctly noted that appellant failed to provide his evidence of recantation with the petition, the post-conviction procedures set forth in NRS chapter 34 do not require affidavits be submitted with a petition and only require that a petitioner allege specific facts in support of the petition. See NRS 34.735 (setting forth the pleading requirements for a form petition). NRS 34.790 further allows the district court to direct the parties to expand the record with additional materials, including affidavits, relevant to the determination of the merits of the petition when an evidentiary hearing is required. Appellant's failure to provide the supporting documents with his petition is troubling, especially considering the fact that he asserts they are attached to the petition, but his failure is not a basis for determining an evidentiary hearing is not warranted.

Accordingly, we reverse the decision of the district court to deny the petition without an evidentiary hearing and remand the matter to the district court to conduct an evidentiary hearing on the issue of the recantation and actual innocence. As a preliminary matter, the district court may require appellant to submit his supporting documents, and the district court may elect to hear testimony from appellant's witnesses and evaluate their credibility in order to determine the necessity of the victim's presence at any hearing. See NRS 34.790(4) (providing that the district court must require the authentication of any material submitted to expand the record). Given the complexities of litigating an actual-innocence

argument based on the alleged recantation of the victim and the significant sentence imposed, we direct the district court to appoint counsel to assist appellant in the post-conviction proceedings. *See* NRS 34.750(1). Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Michael Villani, District Judge
      Jose Lopez Garcia
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk