An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES RICHARD DANIELS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61608

**FILED**

JUL 2 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying appellant James Richard Daniels' post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Daniels contends that the district court erred by denying his untimely habeas petition. Daniels specifically claims that (1) "appellate counsel failed in his duty to perfect the [direct] appeal in a timely matter [sic] by procuring the transcripts leading the Supreme Court to dismiss the action," (2) insufficient evidence was adduced to support the jury verdict, and (3) the district court provided the jury with an erroneous instruction regarding "proximate cause."[1] To excuse the untimeliness of his petition, Daniels claims that he chose to delay the filing of his petition in order to increase his chances for parole. Daniels, however, did not offer a good cause and prejudice argument in the proceedings below, therefore,

---

[1]After a five-day jury trial, Daniels was convicted of driving under the influence causing death.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-21453

we need not address it on appeal in the first instance.[2] *See McNelton v. State*, 115 Nev. 396, 416, 990 P.2d 1263, 1276 (1999). Additionally, although Daniels challenged the sufficiency of the evidence and propriety of the jury instructions in his *timely* direct appeal, *see Daniels v. State*, Docket No. 53818 (Order of Affirmance, May 7, 2010), he did not raise these issues in the instant habeas petition filed below. Therefore, we decline to address these claims. *See McNelton*, 115 Nev. at 416, 990 P.2d at 1276.

Daniels' petition was untimely because it was filed 20 months after this court issued its remittitur in his direct appeal and, failing to demonstrate good cause, prejudice, or a miscarriage of justice, the district court should have denied his petition on this basis alone. *See* NRS 34.726(1); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996); *see also State v. Eighth Judicial Dist. Court (Riker)*, 121 Nev. 225, 236, 112 P.3d 1070, 1077 (2005) (application of procedural default rules is mandatory). Nevertheless, the district court considered the merits of Daniels' claim that appellate counsel was ineffective and concluded that counsel was not deficient and that Daniels failed to demonstrate prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *see also Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1113-14 (1996). We conclude that the district court reached the right result, albeit for the wrong reason. *Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970) ("If a judgment or order of a trial court reaches the right result, although

---

[2]In his petition below, Daniels erroneously claimed "[t]he petition is being filed within the one year date of the remittitur."

it is based on an incorrect ground, the judgment or order will be affirmed on appeal."). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Valorie J. Vega, District Judge
     Leslie A. Park
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk