An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

PEDRO RAFAEL DUARTE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61909



FILED

SEP 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

Appellant filed his petition on September 16, 2008, more than three years after issuance of the remittitur on direct appeal on July 12, 2005. *Duarte v. State*, Docket No. 42256 (Order of Affirmance, June 15, 2005). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27950

from those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

First, appellant, relying on the decisions in *Sharma v. State*, 118 Nev. 648, 56 P.3d 868 (2002), and *Bolden v. State*, 121 Nev. 908, 124 P.3d 191 (2005), argued he had good cause because he claimed these decisions were not available at the time he filed his first post-conviction petition.[3] This claim is belied by the record. *Sharma* was decided in 2002, and *Bolden* was decided in 2005, and appellant did not file his first post-conviction petition until June 23, 2006. Therefore, these claims were available to be raised in his first timely post-conviction petition. Further, appellant waited nearly three years after *Bolden* was decided and nearly six years after *Sharma* was decided to file these claims and failed to demonstrate good cause for the entire length of his delay. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that he was actually innocent because had he not received the jury instructions disapproved of in *Sharma* and *Bolden*, he would not have been convicted. Appellant's claim fell short of

---

[2]*See Duarte v. State*, Docket No. 49279 (Order Affirming in Part, Reversing in Part, and Remanding, September 18, 2008); *Duarte v. State*, Docket No. 58643 (Order of Affirmance, June 13, 2012).

[3]Appellant also argued that *Mitchell v. State*, 122 Nev. 1269, 149 P.3d 33 (2006), provided good cause for filing his untimely petition. However, this case does not provide good cause because it only applied *Sharma*, and did not create new law or clarify existing law.

demonstrating actual innocence because it is a claim of legal innocence, not factual innocence, and appellant did not show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Therefore, the district court did not err in denying this claim.

Next, appellant claimed he was actually innocent because his codefendant provided an affidavit that stated appellant was not involved in the crime. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon*, 523 U.S. at 559. The district court determined that appellant's codefendant was not credible because he was a convicted felon 45 times over and he was appellant's brother-in-law. We conclude that substantial evidence supports the decision of the decision court to deny this claim. *See Riley v. State*, 110 Nev. 638, 647, 878 P.2d 272, 278 (1994). Further, we note that the affidavit filed in support of the petition was not dated nor was it signed by appellant's co-defendant. Therefore, the district court did not err in denying this claim.

Finally, appellant also appeared to argue he was actually innocent based on the location of the water bottle and the fact that a witness identified appellant's counsel as the driver of the vehicle rather than appellant. These claims have been previously litigated, *see Duarte v. State*, Docket No. 42256 (Order of Affirmance, June 15, 2005); *Duarte v.*

*State*, Docket No. 49279 (Order Affirming in Part, Reversing in Part, and Remanding, September 18, 2008), and the doctrine of law of the case prevents further litigation of these issues, *see Hall v. State*, 91 Nev. 315-16, 535 P.2d 797, 798-99 (1975). We therefore conclude that the district court did not err in denying appellant's petition, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Jennifer P. Togliatti, District Judge
       Pedro Rafael Duarte
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk