An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

FARRIN HAWKINS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62375

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant filed his petition on July 9, 2012, nearly 23 years after issuance of the remittitur on direct appeal on August 8, 1989. *Hawkins v. State*, Docket No. 19272 (Order Dismissing Appeal, July 11, 1989). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was an abuse of the writ as he raised claims new and different from those raised in his previous petitions.[2] *See* NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Hawkins v. State*, Docket No. 39930 (Order of Affirmance, April 17, 2003); *Hawkins v. State*, Docket No. 57787 (Order of Affirmance, June 8, 2011); *Hawkins v. State*, Docket No. 59028 (Order of Affirmance, March 8, 2012); *Hawkins v. State*, Docket No. 61047 (Order of Affirmance, March

*continued on next page...*

34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, we note that appellant's claim challenging the dates of his parole hearings is not a cognizable claim that may be raised in a post-conviction petition for a writ of habeas corpus. *See* NRS 34.724(1) (limiting post-conviction petitions for a writ of habeas corpus to challenges to the judgment of conviction or to the computation of time served).

Second, appellant failed to allege any specific good cause to overcome the procedural bars. To the extent that appellant may have alleged that he was actually innocent, appellant failed demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). To the extent that appellant cited to *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant failed to support that cite with any cogent argument or facts as to why that case provided good cause. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). We therefore conclude that the district

---

...*continued*
27, 2014). Appellant did not appeal the denial of his first, second, or sixth petitions.

court did not err in denying appellant's petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.[3]

_____ *Pickering* _____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Michael Villani, District Judge
Farrin Hawkins
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.