An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRIAN LEE ALLEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64471

**FILED**

APR 10 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court dismissing appellant's post-conviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Brent T. Adams, Judge.

Appellant filed his petition on January 29, 2013, thirteen years after entry of the judgment of conviction on November 8, 1999. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was an abuse of the writ to the extent that he raised claims new and different from those raised in his previous petitions.[2] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See*

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Allen v. State*, Docket No. 40897 (Order of Affirmance, October 7, 2003); *Allen v. State*, Docket No. 61563 (Order of Affirmance, June 12, 2013). Appellant did not appeal from the denial of his second petition filed in 2004.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11580

NRS 34.726(1); NRS 34.810(3). A petitioner may be entitled to review of defaulted claims if failure to review the claims would result in a fundamental miscarriage of justice. *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence of the crime. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001).

Appellant's claim that new case law, knowledge and information excused his procedural defaults was insufficient as he failed to provide any facts or specific arguments identifying the new case law, knowledge or information or explain how these excused his fourth late petition. *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003). To the extent that appellant claimed that a fundamental miscarriage of justice should overcome application of the procedural bars, appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan*, 112 Nev. at 842, 921 P.2d at 922. We therefore conclude that the district court did not err in dismissing appellant's petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____*Pickering*_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Brent T. Adams, District Judge
Brian Lee Allen
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk