An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT EARL JONES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64606

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant filed his petition on September 6, 2013, more than 13 years after issuance of the remittitur on direct appeal on June 20, 2000. *See Jones v. State*, Docket No. 33748 (Order Dismissing Appeal, May 25, 2000). Appellant's petition was therefore untimely filed. *See* NRS 34.726(1). Appellant's petition was also successive and an abuse of the writ.[2] 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was therefore

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*See Jones. State*, Docket No. 39039 (Order of Affirmance, December 19, 2002); *Jones. State*, Docket No. 41626 (Order of Affirmance, April 22, 2004); *Jones. State*, Docket No. 47939 (Order of Affirmance, January 29, 2007); *Jones. State*, Docket No. 55832 (Order of Affirmance, September 29, 2010). Appellant filed a fifth proper person, post-conviction petition for a writ of habeas corpus on February 1, 2012, and the district court granted his subsequent motion to withdraw it.

14-11582

procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Further, because the State specifically pleaded laches, appellant was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

Appellant argued that this court's decisions in *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000), and *Nika v. State*, 124 Nev. 1272, 198 P.3d 839 (2008), and the Ninth Circuit Court of Appeals decisions in *Polk v. Sandoval*, 503 F.3d 903 (9th Cir. 2007), and *Chambers v. McDaniel*, 549 F.3d 1191 (9th. Cir. 2008), provided good cause to excuse the procedural bars to his claims regarding his first-degree-murder jury instructions. This court has already held that *Byford*, *Polk*, and *Chambers* do not constitute good cause to overcome appellant's procedural bars. *Jones v. State*, Docket No. 55832 (Order of Affirmance, September 29, 2010). That holding is the law of the case and "cannot be avoided by a more detailed and precisely focused argument subsequently made after reflection upon the previous proceedings." *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975). Further, *Nika* did not provide good cause to overcome the procedural bars as that case was decided nearly a year before appellant filed his December 4, 2009, post-conviction habeas petition and nearly five years before he filed his September 6, 2013, petition. Appellant failed to explain how an impediment external to the defense prevented litigation of these claims within a reasonable time of the decision in *Nika*. *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003).

Appellant also argued that the United States Supreme Court decision in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), provided good cause to excuse the procedural bars against his claims of ineffective assistance of appellate counsel. Appellant's reliance on

*Martinez* was misplaced as *Martinez* was concerned with the assistance of post-conviction counsel, not counsel on direct appeal. Further, appellant filed the instant petition nearly 18 months after *Martinez* was decided and failed to explain the delay. *See Hathaway*, 119 Nev. at 252-53, 71 P.3d at 506.

Finally, to the extent appellant argued that he would suffer a fundamental miscarriage of justice were his claims not considered on the merits, he did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Moreover, appellant failed to overcome the presumption of prejudice to the State pursuant to NRS 34.800(2). We therefore conclude that the district court did not err in denying appellant's petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

3

cc: Hon. Michael Villani, District Judge
Robert Earl Jones
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVAOA

(O) 1947A