OPINION

Per Curiam:

Appellant John F. Mazzan filed a petition for post-conviction habeas relief with the district court. The district court dismissed the habeas petition, concluding that Mazzan had failed to show *840 cause for not presenting his grounds for habeas relief in earlier proceedings. We affirm the dismissal.

FACTS

Mazzan was convicted of murder in 1979 in the Second Judicial District Court and sentenced to death. The facts relating to the crime are set forth in Mazzan v. State, 100 Nev. 74, 675 P.2d 409 (1984) (Mazzan I) and need not be repeated here. In 1984, this court affirmed Mazzan’s conviction on appeal, but reversed his sentence. After a second penalty hearing, Mazzan again received the death penalty, he again appealed, and in 1987 this court affirmed the sentence. Mazzan v. State, 103 Nev. 69, 733 P.2d 850 (1987) (Mazzan II). Mazzan next petitioned for post-conviction relief in May 1987, alleging ineffective assistance of counsel at trial, on appeal, and during the second penalty phase. The district court held an evidentiary hearing before denying the petition, and in 1989 this court affirmed the denial. Mazzan v. State, 105 Nev. 745, 783 P.2d 430 (1989) (Mazzan III).
Prior to our third opinion in this case, Mazzan had filed for post-conviction habeas relief with the First Judicial District Court in June 1988. That court summarily denied the petition, concluding that no justification for a successive petition was shown and that Mazzan had no right to effective assistance of post-conviction counsel. Mazzan appealed. This court remanded the matter to the district court for reconsideration in light of Phelps v. Director, Prisons, 104 Nev. 656, 764 P.2d 1303 (1988). Phelps held that the State must raise waiver or abuse of the writ as affirmative defenses before a petitioner is required to show cause for failure to raise claims earlier. Id. at 659, 764 P.2d at 1305.
Mazzan was sent to Ely State Prison, and he moved in March 1992 to change venue to the Seventh Judicial District Court. In July 1992, the district court denied the motion, and Mazzan appealed. This court dismissed the appeal for lack of jurisdiction, concluding that NRS 34.575 “evinces the legislature’s intent to exclude interlocutory appeals during post-conviction habeas proceedings.” Mazzan v. State, 109 Nev. 1067, 1074, 863 P.2d 1035, 1039 (1993) (Mazzan IV). This court expressed no opinion on the propriety of the denial of Mazzan’s motion to change venue. Id. at 1075 n.4, 863 P.2d at 1040 n.4.
Mazzan filed a supplement to his habeas petition in June 1994. The State moved to dismiss, arguing that claims of ineffective assistance of post-conviction counsel are not cognizable. In February 1995, the district court dismissed the petition without an evidentiary hearing. It concluded that ineffective assistance of post-conviction counsel cannot constitute cause for failure to *841 present grounds for relief in an earlier proceeding, as required by NRS 34.810.

DISCUSSION

A court must dismiss a petition for post-conviction habeas relief if the grounds for the petition could have been raised in an earlier proceeding “unless the court finds both cause for the failure to present the grounds and actual prejudice to the petitioner.” NRS 34.810(l)(b). The State must raise waiver of claims or abuse of the writ as affirmative defenses before the petitioner is required to show this cause and prejudice. Phelps, 104 Nev. at 659, 764 P.2d at 1305.
Mazzan alleges as cause for the failure to raise his present grounds for relief earlier that his post-conviction counsel refused to raise claims of ineffective assistance by trial and appellate counsel. The district court dismissed Mazzan’s petition for post-conviction habeas relief, concluding that ineffective assistance of post-conviction counsel cannot constitute cause for a successive post-conviction petition. This court has reached the same conclusion. McKague v. Warden, 112 Nev. 159, 912 P.2d 255 (1996).
In McKague, we determined that a petitioner has no constitutional or statutory right to counsel in post-conviction proceedings[1] and therefore a claim of ineffective assistance of post-conviction counsel cannot constitute cause for filing a successive petition. Id. at 164, 912 P.2d at 258. “To establish good cause to excuse a procedural default, a defendant must demonstrate that some impediment external to the defense prevented him from complying with the procedural rule that has been violated.” Lozada v. State, 110 Nev. 349, 353, 871 P.2d 944, 946 (1994). In McKague, we implicitly adopted the reasoning which the United States Supreme Court has applied to federal habeas proceedings. The Supreme Court has concluded:
“if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State.” 477 *842 U.S., at 488. In other words, it is not the gravity of the attorney’s error that matters, but that it constitutes a violation of petitioner’s right to counsel, so that the error must be seen as an external factor, i.e., “imputed to the State.” . . .
Where a petitioner defaults a claim as a result of the denial of the right to effective assistance of counsel, the State, which is responsible for the denial as a constitutional matter, must bear the cost of any resulting default and the harm to state interests that federal habeas review entails. A different allocation of costs is appropriate in those circumstances where the State has no responsibility to ensure that the petitioner was represented by competent counsel. As between the State and the petitioner, it is the petitioner who must bear the burden of a failure to follow state procedural rules.
Coleman v. Thompson, 501 U.S. 722, 754 (1991).
Thus, by alleging that his post-conviction counsel was ineffective, Mazzan has failed to demonstrate cause for his failure to raise his present claims for post-conviction relief earlier. Judicial review of Mazzan’s claims for relief would nevertheless be required if Mazzan demonstrated that failure to consider them would result in a fundamental miscarriage of justice. See id. at 750 (holding that where a state prisoner defaults federal claims in state court, federal habeas review is barred “unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice”); Murray v. Carrier, 477 U.S. 478, 496 (1986) (“where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default”); see also Engle v. Isaac, 456 U.S. 107, 135 (1982); Harris v. Reed, 489 U.S. 255, 262 (1989). However, after scrutiny of the appellate briefs and the record in this case, we conclude that Mazzan has not demonstrated that a fundamental miscarriage of justice will result from failure to consider his claims.
A few of the grounds for relief raised in Mazzan’s instant petition were already decided on the merits in earlier proceedings. A court must dismiss a successive habeas petition in regard to such grounds, unless the petitioner proves specific facts that demonstrate good cause for presenting the claims again and actual prejudice. NRS 34.810(2) and (3). The doctrine of the law *843 of the case also precludes reconsideration of these claims. Hall v. State, 91 Nev. 314, 315-16, 535 P.2d 797, 799 (1975). Mazzan has not shown good cause for presenting these claims again; therefore, they are also barred.[2]

CONCLUSION

Mazzan has failed to demonstrate cause for his failure to raise his new claims for post-conviction relief earlier or for his presentation of old claims again. Mazzan has not demonstrated that a fundamental miscarriage of justice will result from failure to consider his claims. Therefore, we affirm the district court’s order dismissing Mazzan’s petition for post-conviction habeas relief.

NRS 34.820(l)(a) now provides such a statutory right in certain cases: “If a petitioner has been sentenced to death and the petition is the first one challenging the validity of the petitioner’s conviction or sentence, the court shall: (a) Appoint counsel to represent the petitioner.” However, this provision does not apply to post-conviction proceedings commenced before January 1, 1993. 1991 Nev. Stat., ch. 44, § 20 at 87, § 32 at 92. Mazzan first filed for post-conviction relief in May 1987.

Given our determination that Mazzan’s petition for habeas relief is procedurally barred, we need not decide whether the district court erred in denying Mazzan’s motion for a change of venue. We note, however, that the State incorrectly argued that this court already determined that this issue is not appealable in Mazzan v. State, 109 Nev. 1067, 863 P.2d 1035 (1993) (Mazzan IV). Rather, we concluded that NRS 34.575 “evinces the legislature’s intent to exclude interlocutory appeals during post-conviction habeas proceedings.” Id. at 1074, 863 P.2d at 1039 (emphasis added). We did not hold that the denial of a change of venue motion is not cognizable on appeal from an order dismissing a petition for post-conviction habeas relief. Cf. NRS 177.045 (upon appeal from a conviction, decisions in intermediate orders or proceedings may be reviewed). We also expressed no opinion on the propriety of the denial of Mazzan’s motion to change venue. Mazzan IV, 109 Nev. at 1075 n.4, 863 P.2d at 1040 n.4. However, we note the following law for the future benefit of the district courts in deciding such motions. Article 6, Section 6 of the Nevada State Constitution provides, in relevant part, that district courts “have power to issue writs of Habeas Corpus on petition by, or on behalf of any person who is held in actual custody in their respective districts, or who has suffered a criminal conviction in their respective districts and has not completed the sentence imposed pursuant to the judgment of conviction.” NRS 34.738(1) provides: “A petition that challenges the validity of a conviction or sentence must be filed with the clerk of the district court for the county in which the conviction occurred.”