An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JORGE L. MORALES,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61475

FILED

APR 0 9 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant filed his petition on March 30, 2012, more than six years after entry of the judgment of conviction on December 6, 2005. Thus, appellant's petition was untimely filed. See NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of good cause: cause for the delay and undue prejudice. See id. Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Appellant claimed that he recently discovered exculpatory evidence was withheld by the State in violation of Brady v. Maryland, 373 U.S. 83 (1963). Specifically, appellant identified a letter from A.P., which appellant characterized as exonerating him. Appellant also claimed he

_____

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. See Luckett v. Warden, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13 - 10419

was not shown medical results from his second victim, A.W. Appellant failed to demonstrate good cause because he failed to demonstrate exculpatory evidence was withheld from the defense. See State v. Huebler, 128 Nev. ___, ___, 275 P.3d 91, 95 (2012) (recognizing that a Brady claim raised in an untimely petition requires the petitioner to demonstrate that the State withheld evidence (to demonstrate cause) and to establish that the evidence was material (to demonstrate undue prejudice)). First, the letter from A.P. was not withheld from the defense; a copy of the letter is filed in the district court record.[2] Second, appellant failed to demonstrate that the results of any medical tests were in fact withheld and contained material evidence.

Next, appellant appeared to claim that he was actually innocent because of the letter from the first victim and the lack of medical results from the second victim. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." Calderon v. Thompson, 523 U.S. 538, 559 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)); see also Pellegrini v. State, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); Mazzan v. Warden, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Thus, appellant failed to overcome the presumption of prejudice to the State. We therefore conclude that the district court did

---

[2]Appellant's trial counsel certified that he mailed a copy of the letter to appellant in 2008. Thus, this claim was available to be raised prior to the 2012 petition. See Huebler, at ___ n.3, 275 P.3d at 95 n.3. In fact, appellant raised a substantially similar claim in his 2011 petition, which was denied as procedurally barred. Appellant voluntarily withdrew his appeal from the denial of his first petition. Morales v. State, Docket No. 60369 (Order Dismissing Appeal, June 27, 2012).

not err in denying appellant's petition as procedurally barred. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. David B. Barker, District Judge
       Jorge L. Morales
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[3]We deny as moot appellant's request for judicial action on the petition.