An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN LEE RUSH,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61919

FILED

JUN 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

Appellant filed his petition on July 3, 2012, nearly three years after entry of the judgment of conviction on October 13, 2009. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of cause for the delay and undue prejudice. *See id.* Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition as procedurally barred for the reasons discussed below.

Appellant claimed that the decision in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), provided cause for the delay because he received ineffective assistance of trial counsel. Appellant failed to demonstrate good cause because appellant's claim that trial counsel was

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17383

ineffective was itself procedurally barred. *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003). Further, appellant's reliance upon *Martinez* was misplaced as *Martinez* relates to federal procedural bars and not state procedural bars. Also, we note that *Martinez* involves ineffective assistance of post-conviction counsel and not ineffective assistance of trial counsel. Therefore, the district court did not err in denying this claim.

Next, appellant claimed that *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012), provided good cause because trial counsel was ineffective in advising him to accept a plea offer from the State. Appellant's good-cause argument was without merit because this claim was always available and he failed to demonstrate why he waited nearly three years to raise it. Further, his case was final when *Frye* was decided, and he failed to demonstrate that the case would apply retroactively to him. Even if *Frye* announced new rules of constitutional law, he failed to allege that he met either exception to the general principle that such rules do not apply retroactively to cases which were already final when the new rules were announced. *See Colwell v. State*, 118 Nev. 807, 816-17, 59 P.3d 463, 469-70 (2002). Therefore, the district court did not err in denying this claim.

Finally, appellant claimed that new evidence demonstrated that he was actually innocent of burglary. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838,

(O) 1947A

842, 921 P.2d 920, 922 (1996). We therefore conclude that the district court did not err in denying appellant's petition, and we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Jennifer P. Togliatti, District Judge
John Lee Rush
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

