An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROY D. MORAGA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61734

**FILED**

JUL 2 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant filed his petition on December 8, 2010, more than 15 years after issuance of the remittitur on direct appeal on October 24, 1995. *Moraga v. State*, Docket No. 22901 (Order Dismissing Appeal, October 4, 1995). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed three post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petitions.[2] *See* NRS 34.810(1)(b)(2); NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Moraga v. State*, Docket Nos. 29321, 32542 (Order Dismissing Appeals, April 20, 1999); *Moraga v. State*, Docket No. 42828 (Order of Affirmance, September 15, 2004); *Moraga v. State*, Docket No. 49049 (Order of Affirmance, August 16, 2007).

13-21590

34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Appellant neither argued that he had good cause nor attempted to overcome the presumption of prejudice. Rather, he argued that any procedural bars should be excused because he is actually innocent since new technology exists to test DNA that was collected in the case, and if it were tested, it would demonstrate that he did not commit the sexual assault for which he was convicted. Anticipated but non-existent test results are not evidence. Thus, appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). We therefore conclude that the district court did not err in denying appellant's ineffective-assistance-of-counsel claims as procedurally barred.

It appears that the district court may not have considered appellant's remaining claim: that he ought to be granted permission to test the DNA collected in this case. However, remand is unnecessary because the claim is not cognizable in a post-conviction petition for a writ of habeas corpus. Rather, appellant must submit his request on the form designated by the Department of Corrections. NRS 176.0918; NDOC AR 571.

For the foregoing reasons, we conclude appellant's petition is without merit, and we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Elissa F. Cadish, District Judge
Roy D. Moraga
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.