An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES DERRICK HUNDLEY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62936

FILED

SEP 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK



### ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1]  Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

Appellant filed his petition on November 20, 2012, more than 13 years after issuance of the remittitur on direct appeal on May 18, 1999. *Hundley v. State*, Docket No. 29307 (Order Dismissing Appeal, April 21, 1999). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See id.*

Appellant claimed that he had good cause because he was housed in the prison's general population without physical access to the

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

13-27906

law library, the prison relied on the paging system, and the prison lacked persons trained in the law. Appellant failed to demonstrate cause for the delay. Appellant failed to demonstrate that the prison failed to provide adequate means of accessing legal research materials or that the prison lacked inmate law clerks. Appellant further failed to demonstrate that any alleged deficiencies excused his more than 13-year delay.

Next, appellant claimed that he recently discovered evidence not presented at trial due to ineffective assistance of counsel. The evidence appears to be statements of one of the victims at the preliminary hearing and inconsistent statements to the police. This claim was reasonably available to be raised in a timely petition and ineffective assistance-of-counsel claims that are themselves procedurally barred cannot establish good cause. *Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003); *see also Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

Finally, appellant appeared to argue that a fundamental miscarriage of justice should overcome application of the procedural time bar. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). We

therefore conclude that the district court did not err in denying appellant's petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Janet J. Berry, District Judge
       James Derrick Hundley
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk

---

[2]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.