An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

HOWARD VINCENT BROWN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64432

**FILED**

APR 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant filed his petition on July 26, 2013, almost ten years after issuance of the remittitur on direct appeal on August 5, 2003. *Brown, Sr. v. State*, Docket No. 39795 (Order of Affirmance, July 9, 2003). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed three post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petitions.[2] *See* NRS 34.810(1)(b)(2); NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Brown, Sr. v. State*, Docket No. 42784 (Order of Affirmance, August 19, 2004); *Brown, Sr. v. State*, Docket No. 56769 (Order of Affirmance,
*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

14-11416

34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

Appellant did not attempt to demonstrate good cause to excuse the procedural defaults. Rather, appellant argued that the procedural bars did not apply because he was actually innocent. Appellant claimed that he was actually innocent because the victim's death was caused by a drug administered by hospital employees after the altercation with appellant. This claim was without merit. Appellant's actions were a substantial factor in the victim's death and his criminal liability would not be relieved by the medical treatment that followed the altercation. *See Lay v. State*, 110 Nev. 1189, 1192-93, 886 P.2d 448, 450 (1994). Moreover, appellant failed to demonstrate that this claim was based on new evidence as appellant has previously raised similar claims related to the victim's medical treatment. *See Brown v. State*, Docket No. 56769 (Order of Affirmance, March 18, 2011). Accordingly, appellant failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v.*

---

. . . *continued*

March 18, 2011); *Brown, Sr. v. State*, Docket No. 59696 (Order of Affirmance, September 12, 2012).

*Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). We therefore conclude that the district court did not err in denying appellant's petition as procedurally barred and barred by laches. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____ , J.
Pickering

_____ , J.
Parraguirre

_____ , J.
Saitta

cc:    Hon. Douglas Smith, District Judge
       Howard Vincent Brown
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.