An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEVE BRAUNSTEIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64611

FILED

MAY 1 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a "First Amendment" post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michael Villani, Judge.

Appellant filed his petition on May 29, 2013, more than 11 years after issuance of the remittitur on direct appeal on March 12, 2002. *Braunstein v. State*, 118 Nev. 68, 40 P.3d 413 (2002). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed several post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14-15498

in his previous petitions.[2]   *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice.  *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).  Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice.  NRS 34.800(2).

First, appellant appeared to assert that he had good cause because he believed that this court erred in concluding that an amended judgment of conviction filed on August 12, 2010, did not provide good cause to challenge the original judgment of conviction.  This court has already considered and twice rejected the underlying claim.  *See Braunstein v. State*, Docket No. 58136 (Order of Affirmance, September 14, 2011); *Braunstein v. State*, Docket No. 57332 (Order of Affirmance, June 8, 2011).  Reconsideration of this claim is barred by the doctrine of law of the case, which "cannot be avoided by a more detailed and precisely focused argument."  *Hall v. State*, 91 Nev. 314, 316, 535 P.2d 797, 799 (1975).  While appellant claimed that this court erred in its disposition of this issue, appellant failed to demonstrate that the law of the case should not be applied.  *See Tien Fu Hsu v. Cnty. of Clark*, 123 Nev. 625, 630-31,

---

[2]*Braunstein v. State*, Docket No. 58136 (Order of Affirmance, September 14, 2011); *Braunstein v. State*, Docket No. 57332 (Order of Affirmance, June 8, 2011); *Braunstein v. State*, Docket No. 46609 (Order of Affirmance, December 5, 2006).

173 P.3d 724, 728-29 (2007) (discussing when the doctrine of the law of the case should not be applied).

Second, appellant attempted to overcome the procedural bars by characterizing his petition as a "First Amendment" petition. However, this lacked merit, as appellant failed to demonstrate any unconstitutional prior restraint of his First Amendment rights. *See* NRS 34.185.

Third, appellant claimed that the district court lacked jurisdiction to convict him and asserted that the procedural bars did not apply to this claim because jurisdiction can be challenged at any time. Appellant's claim lacked merit because his claim did not implicate the jurisdiction of the courts. *See* Nev. Const. art. 6, § 6; NRS 171.010.

Fourth, appellant claimed that he suffered from a fundamental miscarriage of justice. In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence—factual innocence, not legal innocence. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Appellant did not demonstrate actual innocence as his claims involved legal innocence, and therefore, he failed to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon*, 523 U.S. at 559 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996).

Finally, appellant failed to overcome the presumption of prejudice to the State. Therefore, the district court did not err in denying the petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Hardesty

_____, J.
Douglas

cc:   Hon. Michael Villani, District Judge
      Steven Samuel Braunstein
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk