An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

GARY LYNN LEWIS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65531

**FILED**

SEP 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant filed his petition on March 11, 2014, more than 17 years after entry of the judgment of conviction on August 14, 1996. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was procedurally barred absent a demonstration of cause for the delay and undue prejudice. *See id.*

Appellant first claimed that the decision in *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), provided good cause. This court has recently held that *Martinez* does not apply to Nevada's statutory post-

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14-30730

conviction procedures. *See Brown v. McDaniel,* ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014). Thus, the decision in *Martinez* would not provide good cause for this late petition.

Next, appellant claimed that the decision in *Ha Van Nguyen v. Curry,* 736 F.3d 1287 (9th Cir. 2013) provided good cause because it allows him to amend the petition and have the claim relate back to the first petition. Appellant misstated the holding in *Ha Van Nguyen* and its effect on his case. Appellant's first petition was resolved in 2009. *See Lewis v. State,* Docket No. 53779 (Order of Affirmance, October 28, 2009). Thus, no amendment was possible in 2014. Further, the 2009 petition itself was procedurally barred and any attempt to relate back to that petition would cause the amendment to suffer the same defect.

Finally, appellant claimed that he was actually innocent and he would be able to prove his actual innocence with genetic marker testing. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson,* 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State,* 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden,* 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Appellant has previously unsuccessfully litigated a petition for genetic marker testing and has provided no evidence supporting his claim of

actual innocence. We therefore conclude that the district court did not err in denying appellant's petition as procedurally barred.[2] Accordingly, we ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:   Hon. Michelle Leavitt, District Judge
      Gary Lynn Lewis
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk

---

[2]To the extent that appellant challenged the Department of Corrections' calculation of his parole eligibility date, that challenge must be raised in a post-conviction petition for a writ of habeas corpus filed in the district court for the county in which he is incarcerated. *See* NRS 34.738(1).