An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

GERALD EMMIT VONTOBEL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62227

FILED

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant filed his petition on May 4, 2012, almost four years after this court issued the remittitur from his direct appeal on June 24, 2008. *Vontobel v. State*, Docket No. 45684 (Order of Affirmance, February 29, 2008). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus.[1] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

On appeal, appellant, relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), argues that he had good cause to excuse

---

[1]*Vontobel v. State*, Docket No. 52569 (Order of Affirmance, January 7, 2010).

14-30766

the procedural defects because he was not appointed counsel in the first post-conviction proceedings. We conclude that this argument lacks merit. The appointment of counsel was discretionary in the first post-conviction proceedings, *see* NRS 34.750(1), and appellant has failed to demonstrate an abuse of discretion. Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel*, ___ Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014). Thus, the failure to appoint post-conviction counsel and the decision in *Martinez* would not provide good cause for this late and successive petition.

Next, appellant argues that his appellate counsel's failure to raise certain claims on direct appeal constitutes good cause to excuse the procedural defects. This argument lacks merit, as a claim of ineffective assistance that is itself procedurally barred cannot constitute good cause to excuse a procedural defect. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).

Finally, appellant argues that he was actually innocent and the failure to consider his underlying claims on the merits would result in a fundamental miscarriage of justice. A petitioner may be entitled to review of defaulted claims if failure to review the claims would result in a fundamental miscarriage of justice. *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence of the crime. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). The district court held an evidentiary hearing on appellant's claim of actual innocence and six witnesses testified that they never saw any signs of abuse, the victims did not appear to be scared of

appellant, and the victims never told them about any abuse. The district court found that this evidence was essentially presented to the jury through other witnesses and did not demonstrate actual innocence. We conclude that the district court did not err in denying this claim because appellant failed to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan*, 112 Nev. at 842, 921 P.2d at 922. We therefore conclude that the district court did not err in denying appellant's petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. David B. Barker, District Judge
       Federal Public Defender/Las Vegas
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk