An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KEVIN DEVON SUTTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65121

**FILED**

SEP 18 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a motion to withdraw a guilty plea.[1] Eighth Judicial District Court, Clark County; Jennifer P. Togliatti, Judge.

In his motion filed on January 21, 2014, appellant claimed that his guilty plea was invalid because the district court failed to explain the charges and misinformed him about the possible sentences he faced, the deadly weapon enhancement violated his right against double jeopardy, his trial counsel coerced him into pleading guilty, and he suffered from ineffective assistance of counsel for the failure to investigate his mental health issues and suppress his confession.

The district court properly construed the motion as a post-conviction petition for a writ of habeas corpus, *see Harris v. State*, 130 Nev. ___, ___, ___ P.3d ___, ___ (Adv. Op. No. 47, June 12, 2014), and

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

14-31009

denied the motion as procedurally barred. Appellant's motion was filed more than twelve years after issuance of the remittitur on direct appeal on July 9, 2001. *Sutton v. State*, Docket No. 34165 (Order of Affirmance, June 11, 2001). Thus, appellant's motion was untimely filed. *See* NRS 34.726(1). Moreover, appellant's motion was an abuse of the writ as he raised claims new and different from those raised in his previous petitions.[2] *See* NRS 34.810(2). Appellant's motion was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3).

Appellant claimed that the procedural bars did not apply because he suffered from a fundamental miscarriage of justice. In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence—factual innocence, not legal innocence. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Appellant did not demonstrate actual innocence as his claims involved legal innocence and appellant failed to demonstrate that they were based upon newly discovered evidence. Therefore, appellant failed to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon*, 523 U.S. at 559 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996).

---

[2]*Sutton v. State*, Docket No. 40477 (Order of Affirmance, July 8, 2004); *Sutton v. State*, Docket No. 53466 (Order of Affirmance, January 12, 2010); *Sutton v. State*, Docket No. 64244 (Order of Affirmance, June 11, 2014).

Because the district court did not err in denying the motion, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Jennifer P. Togliatti, District Judge
Kevin Devon Sutton
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A