# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROGER A. LIBBY,
Appellant,
vs.
ROBERT LEGRAND, WARDEN,
LOVELOCK CORRECTIONAL
CENTER; AND ADAM PAUL LAXALT,
ATTORNEY GENERAL, STATE OF
NEVADA,
Respondents.

No. 71718

**FILED**

JAN 10 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from an order denying a postconviction petition for a writ of habeas corpus.[1] Sixth Judicial District Court, Humboldt County; Michael Montero, Judge.

Appellant Roger Libby was convicted of murdering Charles Beatty and James Robertson and stealing Beatty's property. He was sentenced to death for each murder. This court affirmed the convictions and death sentences. *Libby v. State*, 109 Nev. 905, 859 P.2d 1050 (1993), *vacated by Libby v. Nevada*, 516 U.S. 1037 (1996), *and aff'd after remand*

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3). To the extent that appellant has attempted to present claims or facts that were not presented in the proceedings below, we have declined to consider them in the first instance.

18-01357

by *Libby v. State*, 115 Nev. 45, 115 P.2d 833 (1999). Libby unsuccessfully challenged his convictions and sentences in a postconviction petition. *Libby v. State*, Docket No. 40362 (Order of Affirmance, November 4, 2003). He eventually obtained relief from the death sentences and was sentenced to life without the possibility of parole for each murder. He filed the underlying postconviction petition for a writ of habeas corpus challenging his convictions on March 12, 2015. The district court denied the petition as procedurally barred.[2]

Libby's petition is subject to several procedural bars. The petition was untimely as it was filed more than one year after this court issued its remittitur on direct appeal. NRS 34.726(1). To the extent that the petition raised the same claims that were raised in prior petitions, it was successive. NRS 34.810(1)(b)(2); NRS 34.810(2). To the extent that the petition raised new claims that could have been litigated in a prior proceeding, it constituted an abuse of the writ. NRS 34.810(1)(b); NRS 34.810(2). A petition that is untimely, successive, or constitutes an abuse of the writ is subject to dismissal absent a showing of good cause and prejudice. NRS 34.726(1); NRS 34.810(1)(b), (3). Further, because the State specifically pleaded laches, Libby was required to overcome the presumption of prejudice to the State. *See* NRS 34.800(2).

Libby argues that he can avoid the procedural bars because he is actually innocent and that the district court should have conducted an evidentiary hearing regarding his actual innocence. We disagree.

---

[2]Libby moved for the appointment of postconviction counsel pursuant to NRS 34.750. We conclude that the district court did not abuse its discretion in denying the motion as the issues involved in this litigation were not difficult, Libby appeared to comprehend the proceedings, and counsel was not necessary to proceed with discovery. *See* NRS 34.750(1).

When a petitioner cannot demonstrate good cause, the district court may nonetheless excuse a procedural bar if the petitioner demonstrates that failure to consider the petition would result in a fundamental miscarriage of justice. *Berry v. State*, 131 Nev., Adv. Op. 96, 363 P.3d 1148, 1154 (2015). "This standard is met when the petitioner makes a colorable showing he is actually innocent of the crime." *Id.* (quotation marks omitted). To show that he is actually innocent, Libby had to demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996).

First, Libby claimed that the FBI's comparative lead analysis led to the introduction of unreliable testimony and destroyed potentially exculpatory evidence before the defense could test the bullets. Libby, however, failed to demonstrate that no reasonable juror would have convicted him had the comparative lead analysis been discredited by newly discovered evidence of its unreliability because other evidence implicated him in the murders. He was observed in the victims' home around the time that the victims were last seen alive. When he was apprehended in Missouri, he had Beatty's vehicle, bank card, pin number, identification, and property. He also had Beatty's rifle, which was of a caliber consistent with the projectiles recovered from the victims' bodies. Bloodstains in Beatty's vehicle were also consistent with Beatty.

Second, Libby claimed that DNA and toxicology evidence will establish that he is actually innocent. Libby pointed to no new evidence in this respect. Instead, he reviewed trial evidence and speculated about what

 

further expert testimony might suggest. And his argument in this respect relates only to the lying-in-wait theory for first-degree murder and does not demonstrate that the jury would not have convicted him under the remaining theories of guilt.

Third, Libby claimed that he was actually innocent of several counts of grand larceny, relying on amendments made to NRS 205.220 after he committed the charged offenses. *See* 1989 Nev. Stat., ch. 626, § 13, at 1433. This is a claim of legal, not factual, innocence. Regardless, the Legislature did not clearly express its intent to apply the amendments retroactively, *see id* § 43, at 1443 (providing that section containing amendments to NRS 205.220 "becomes effective at 12:01 a.m. on October 1, 1989"), so the amendments do not apply here. *See State v. Second Judicial Dist. Court (Pullin)*, 124 Nev. 564, 188 P.3d 1079 (2008) ("[U]nless the Legislature clearly expresses its intent to apply a law retroactively, Nevada law requires the application of the law in effect at the time of a commission of a crime.").

Lastly, Libby asserted several claims of ineffective assistance of counsel and trial error. These include claims that trial counsel should have investigated the crime scenes, challenged forensic evidence, investigated and cross-examined Renee Montgomery, and investigated the lead investigator's background. He also asserted that the prosecutor committed misconduct in characterizing the evidence admitted at trial. Libby failed to allege that these claims involve new evidence demonstrating that he is actually innocent.

For the reasons discussed above, Libby did not demonstrate actual innocence. As he failed to demonstrate a fundamental miscarriage

of justice, he also failed to overcome the presumption of prejudice to the State. *See* NRS 34.800(1)(b). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Michael Montero, District Judge
Roger A. Libby
Attorney General/Carson City
Humboldt County District Attorney
Humboldt County Clerk