# IN THE SUPREME COURT OF THE STATE OF NEVADA

DEANGELO LAMONT MITCHELL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76899

**FILED**

MAR 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant filed his petition on February 21, 2018, almost 16 years after issuance of the remittitur on direct appeal on August 6, 2002. *Mitchell v. State*, Docket No. 37531 (Order of Affirmance, July 10, 2002). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was also successive because he had previously litigated several postconviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petitions.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

[2]*Mitchell v. State*, Docket No. 69542 (Order Dismissing in part and Affirming in part, February 17, 2017); *Mitchell v. State*, Docket No. 53085 (Order of Affirmance, January 7, 2010); *Mitchell v. State*, Docket No. 42638 (Order of Affirmance, March 27, 2006). Appellant also litigated several motions to correct an illegal sentence.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-11562

demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2). A petitioner may be entitled to review of defaulted claims if failure to review the claims would result in a fundamental miscarriage of justice. *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence of the crime. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001). Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition as procedurally barred for the reasons discussed below.

Appellant argues that this court's decision in *Brooks v. State*, 124 Nev. 203, 180 P.3d 657 (2008), provided good cause to challenge the deadly weapon enhancement. Without deciding whether *Brooks* announced a new rule and whether *Brooks* would apply retroactively to convictions that became final before its entry, *Brooks* does not provide good cause as appellant's petition was filed almost ten years after *Brooks* was decided. Thus, we conclude that the district court did not err in rejecting this good cause argument.

Appellant next argues that he can overcome application of the procedural bars because he is actually innocent of the deadly weapon enhancement pursuant to *Brooks*. In *Brooks*, this court determined that the deadly weapon enhancement may be imposed on an unarmed offender when he is a principal, another principal to the offense is armed and uses a deadly weapon during the commission of the offense, and the unarmed offender had knowledge of the use of the deadly weapon. 124 Nev. at 210, 180 P.3d

at 661-62. Appellant argues that he was not a principal because he was unarmed, and he further argues that he had no knowledge that the codefendant was armed with a gun. Appellant fails to demonstrate that he is actually innocent—that no reasonable juror would have found him guilty of "using" a deadly weapon under *Brooks*. The premise of appellant's argument that he was not a principal is flawed as he was charged as a principal to robbery and murder pursuant to NRS 195.020, which provides that a person is a principal to the offense not only when he directly commits the act constituting the offense, but when the person "aids or abets in its commission" or "directly or indirectly, counsels, encourages" another to commit the offense. Further, there was sufficient evidence for a jury to determine that even though he may not have been armed, he had knowledge of the codefendant's use of a deadly weapon during the commission of the robbery and murder. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.          _____, J.
Stiglich                                            Silver

cc:    Hon. Elissa F. Cadish, District Judge
       Deangelo Lamont Mitchell
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

Supreme Court
of
Nevada

(O) 1947A