# IN THE SUPREME COURT OF THE STATE OF NEVADA

SAMISONI TAUKITOKU,
Appellant,
vs.
TIMOTHY FILSON, WARDEN,
Respondent.

No. 80124

**FILED**

JUN 11 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

Appellant Samisoni Taukitoku filed his petition on May 3, 2019, more than nine years after this court issued its remittitur on direct appeal on April 13, 2010. *See Taukitoku v. State*, Docket No. 53220 (Order of Affirmance, March 10, 2010). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated a postconviction petition for a writ of habeas corpus on the merits, and it constituted an abuse of the writ to the extent that he raised claims new and different from those raised in his previous petition.[1] *See* NRS 34.810(1)(b), (2); *see also Taukitoku v. State*, Docket No. 67578 (Order of Affirmance, September, 16, 2016). Further, as the State pleaded laches, appellant had to overcome the presumption of prejudice to the State. *See* NRS 34.800(2). Appellant's petition was procedurally barred

---

[1]Appellant claimed that trial counsel was ineffective for failing to conduct an adequate pretrial investigation, the trial court denied him due process by denying his request for a continuance, and that the cumulative effect of trial errors and ineffective assistance of counsel denied him the right to due process and equal protection.

SUPREME COURT
OF
NEVADA





(O) 1947A

21-16892

absent a demonstration of good cause and actual prejudice, *see* NRS 34.726(1); NRS 34.810(1)(b), (3), or that failure to review the defaulted claims would result in a fundamental miscarriage of justice, *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). To demonstrate a fundamental miscarriage of justice, appellant had to make a colorable showing of actual innocence. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001), *abrogated on other grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1084, 1097 n.12 (2018).

Appellant, who was convicted of three murders and three counts of assault with a deadly weapon for firing into a crowd fleeing a party, argues that he is actually innocent as newly discovered evidence showed that two other party attendees, Charles Manu and Andre Lawson, fired at the victims and may have been responsible for at least one victim's death. We conclude that appellant failed to meet his burden for a gateway actual innocence claim. *See Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (providing that "[i]f the petitioner asserts his actual innocence of the underlying crime, he must show it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition" (internal quotation marks omitted)); *Berry v. State*, 131 Nev. 957, 969, 363 P.3d 1148, 1156 (2015) (recognizing that actual innocence is a "demanding" standard that "permits review only in the extraordinary case" (internal quotation marks omitted)). The evidence introduced at trial showed that appellant assaulted a party attendee, threatened him with a handgun, and fired several shots in the home. Witnesses saw appellant shoot at least two victims when he fired into a crowd fleeing the party. Appellant even testified that he fired in the direction of the party. Physical evidence shows that appellant fired numerous bullets—nearly emptying his weapon—which were recovered

from the house, shed, driveway, and two of the victims. Conversely, Manu's weapon was fully loaded and jammed when recovered and the physical evidence at the scene was consistent with Lawson's testimony that he only fired a few shots to disperse the crowd. Given the evidence supporting his conviction and because the physical evidence and testimony of several defense witnesses was inconsistent with the newly obtained statements, appellant did not demonstrate that no reasonable juror would have convicted him. *Calderon*, 523 U.S. at 559; *see Pellegrini*, 117 Nev. at 887, 34 P.3d at 537. Therefore, he did not demonstrate that the failure to consider his claims would result in a fundamental miscarriage of justice.[2] *Mazzan*, 112 Nev. at 842, 921 P.2d at 922. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.          _____, J.
Pickering                                         Herndon

cc:     Hon. Egan K. Walker, District Judge
        Federal Public Defender/Las Vegas
        Attorney General/Carson City
        Washoe County District Attorney
        Washoe District Court Clerk

---

[2]The district court order addresses appellant's actual-innocence argument in terms of whether he demonstrated good cause to excuse the procedural bars. While the district court erred in not properly addressing the actual-innocence argument, we conclude that no relief is warranted because the claim lacks merit.

SUPREME COURT
OF
NEVADA

(O) 1947A