An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID ABARA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 64583

FILED

JUL 2 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

Appellant filed his petition on September 12, 2013, more than six years after issuance of the remittitur on direct appeal on May 2, 2007. *See Abara v. State*, Docket No. 47408 (Order Affirming in Part, Vacating in Part and Remanding, April 6, 2007). Appellant's petition was therefore untimely filed and procedurally barred absent a demonstration of good cause—cause for the delay and undue prejudice. *See* NRS 34.726(1).

First, appellant argued that he had good cause to excuse the procedural bar because the State withheld material evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). While a *Brady* claim itself may satisfy the requirements to show good cause, *see State v. Bennett*, 119 Nev. 589, 599, 81 P.3d 1, 8 (2003), the claim still must be raised within a

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23824

reasonable time after discovery of the withheld evidence, *see State v. Huebler*, 128 Nev. \_\_\_, \_\_\_ n.3, 275 P.3d 91, 95 n.3 (2012); *see also Hathaway v. State*, 119 Nev. 248, 254-55, 71 P.3d 503, 507-08 (2003). Appellant did not state when he discovered the allegedly withheld evidence and thus failed to demonstrate cause for the delay. To the extent appellant argued that the ineffective assistance of counsel was good cause, that claim itself was procedurally barred and thus could not have constituted good cause. *See Hathaway*, 119 Nev. at 252-53, 71 P.3d at 506.

Second, appellant argued that he was actually innocent such that denying consideration of his substantive claims would result in a fundamental miscarriage of justice. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). We therefore conclude that the district court did not err in denying appellant's petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc: Hon. Elliott A. Sattler, District Judge
David Abara
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk