An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFREY LYNN FRANKLIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65231

**FILED**

JUL 2 3 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Jessie Elizabeth Walsh, Judge.

Appellant filed his petition on November 21, 2013, more than five years after issuance of the remittitur on direct appeal on January 22, 2008. *Franklin v. State*, Docket No. 48848 (Order of Affirmance, December 27, 2007). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Appellant's petition was also successive because he had previously filed two post-conviction petitions for a writ of habeas corpus,[2] and it constituted an abuse of the writ as he raised claims new and

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*See Franklin v. State*, Docket No. 52422 (Order of Affirmance, December 11, 2009); *Franklin v. State*, Docket No. 63352 (Order of Affirmance, December 12, 2013).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-23930

different from those raised in his previous petitions. *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

In his petition, appellant claimed that his appellate counsel's failure to raise certain claims on direct appeal excused any procedural bar. Appellant failed to demonstrate cause because his claims of ineffective assistance of appellate counsel were reasonably available to be raised in his first petition and ineffective-assistance claims that are themselves procedurally barred cannot establish cause. *See Hathaway v. State*, 119 Nev. 248, 252-53, 71 P.3d 503, 506 (2003).

Appellant also claimed that he suffered from a fundamental miscarriage of justice. In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence—factual innocence, not legal innocence. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). Appellant did not demonstrate actual innocence as his claims involved legal innocence, and therefore he failed to show that "'it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence.'" *Calderon*, 523 U.S. at 559 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996).

Finally, appellant failed to overcome the presumption of prejudice to the State. Therefore, the district court did not err in denying the petition. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:    Hon. Jessie Elizabeth Walsh, District Judge
       Jeffrey Lynn Franklin
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[3]In light of this disposition, we deny appellant's motion for appointment of counsel.