An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

HORACE CALVIN HOUSTON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65651

**FILED**

SEP 17 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant filed his petition on February 4, 2014, more than nine years after issuance of the remittitur on direct appeal on September 22, 2004. *See Houston v. State*, Docket Nos. 42011, 42046 (Order of Affirmance, August 27, 2004). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's claims that could have been raised on direct appeal from his judgment of conviction were waived, and the claims that were new and different from those raised in his previous petitions constituted an abuse of the writ.[2] *See* NRS

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*See Houston v. State*, Docket No. 55607 (Order of Affirmance, November 8, 2010). Appellant did not appeal from the denial of his second post-conviction petition for a writ of habeas corpus, filed on February 26, 2010.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30900

34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). Moreover, because the State specifically pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2). Based upon our review of the record on appeal, we conclude that the district court did not err in denying the petition as procedurally barred for the reasons discussed below.

To the extent that appellant claimed that the ineffective assistance of trial and/or appellate counsel provided good cause to excuse his procedural defects, appellant's claim lacked merit. A claim of ineffective assistance that is itself procedurally barred cannot constitute good cause to excuse a procedural defect. *Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003).

To the extent that appellant claimed that this court's holding in *Bolden v. State*, 121 Nev. 908, 124 P.3d 191 (2005), *overruled by Cortinas v. State*, 124 Nev. 1013, 1016, 195 P.3d 315, 317 (2008), provided good cause to excuse his procedural defects, appellant's claim lacked merit. This court has previously held that *Bolden* will not excuse appellant's procedurally barred petition, *Houston v. State*, Docket No. 55607 (Order of Affirmance, November 8, 2010), and that holding is the law of the case. *Hall v. State*, 91 Nev. 314, 315-16, 535 P.2d 797, 798-99 (1975).

Finally, appellant claimed that he was actually innocent such that the failure to consider his underlying claims on the merits would result in a fundamental miscarriage of justice. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light

of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Further, appellant failed to overcome the presumption of prejudice to the State pursuant to NRS 34.800(2). We therefore conclude that the district court did not err in denying appellant's petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc: Hon. Kathleen E. Delaney, District Judge
   Horace Calvin Houston
   Attorney General/Carson City
   Clark County District Attorney
   Eighth District Court Clerk

---

[3]The district court did not abuse its discretion in denying appellant's request for the appointment of post-conviction counsel. *See* NRS 34.750.