An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MIGUEL REYES-CARREON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63690

**FILED**

OCT 16 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is a proper person appeal from an order of the district court denying a post-conviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; James M. Bixler, Judge.

Appellant filed his petition on May 1, 2013, eight years after entry of the judgment of conviction on May 2, 2005. Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously filed a post-conviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(3). Moreover, because the State specifically

---

[1]This appeal has been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the record is sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*Reyes-Carreon v. State*, Docket No. 47373 (Order of Affirmance, November 15, 2006).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-34388

pleaded laches, appellant was required to overcome the rebuttable presumption of prejudice. NRS 34.800(2).

First, appellant claimed he had good cause pursuant to *Lafler v. Cooper*, 566 U.S. ___, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 566 U.S. ___, 132 S. Ct. 1399 (2012), because counsel was ineffective. Appellant failed to support this claim with specific facts that, if true, would entitle him to relief. *Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984). Further, appellant's good cause argument was without merit because these claims of ineffective assistance of counsel were always available to be raised and appellant failed to demonstrate why he waited eight years to raise them. Further, because his case was final when *Lafler* and *Frye* were decided, he failed to demonstrate that the cases would apply retroactively to him. Even if *Lafler* and *Frye* announced new rules of constitutional law, he failed to allege facts that meet either exception to the general principle that such rules do not apply retroactively to cases which were already final when the new rules were announced. *See Colwell v. State*, 118 Nev. 807, 816-17, 59 P.3d 463, 469-70 (2002). Therefore, the district court did not err in denying this claim.

Second, relying in part on *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309 (2012), appellant argued that he had good cause because he was not appointed counsel in the first post-conviction proceedings. We conclude that this argument lacked merit. The appointment of counsel was discretionary in the first post-conviction proceedings, *see* NRS 34.750(1), and appellant failed to demonstrate an abuse of discretion. Further, this court has recently held that *Martinez* does not apply to Nevada's statutory post-conviction procedures. *See Brown v. McDaniel*, ___ Nev. ___, 331 P.3d 867 (2014). Thus, the failure to appoint post-

conviction counsel and the decision in *Martinez* would not provide good cause for this late and successive petition.

Finally, appellant argued he could overcome the procedural defects because he was actually innocent. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). We therefore conclude that the district court did not err in denying appellant's petition as procedurally barred, and we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Pickering

_____, J.
Parraguirre

SAITTA, J., concurring:

Although I would extend the equitable rule recognized in *Martinez* to this case because appellant was convicted of murder and is

---

[3]We have reviewed all documents that appellant has submitted in proper person to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

facing a severe sentence, *see Brown v. McDaniel*, 130 Nev. ___, ___ P.3d ___ (Adv. Op. No. 60, August 7, 2014) (Cherry, J., dissenting), I concur in the judgment on appeal in this case because the State pleaded laches under NRS 34.800(2) and appellant failed to rebut the presumption of prejudice to the State.

_____ J.
Saitta

cc: Hon. James M. Bixler, District Judge
Miguel Reyes-Carreon
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A