An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123

IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY ALLEN HATFIELD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66480

GREGORY ALLEN HATFIELD,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66489

FILED

JAN 15 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

Docket No. 66480 is an appeal from an order denying a post-conviction petition for a writ of habeas corpus. Docket No. 66489 is an appeal from an order denying a motion to correct an illegal sentence.[1] Fifth Judicial District Court, Nye County; Robert W. Lane, Judge.

*Docket No. 66480*

Appellant filed his petition on August 6, 2014, more than 5 years after issuance of the remittitur on direct appeal on March 10, 2009. *Hatfield v. State*, Docket No. 51719 (Order of Affirmance, February 11,

---

[1]These appeals have been submitted for decision without oral argument, NRAP 34(f)(3), and we conclude that the records are sufficient for our review and briefing is unwarranted. *See Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975). We elect to consolidate these appeals for disposition. NRAP 3(b).

15-01628

2009). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he had previously litigated 2 post-conviction petitions for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petitions.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3). A petitioner may be entitled to review of defaulted claims if failure to review the claims would result in a fundamental miscarriage of justice. *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). In order to demonstrate a fundamental miscarriage of justice, a petitioner must make a colorable showing of actual innocence of the crime. *Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001).

Appellant did not attempt to demonstrate good cause to excuse his procedural defects. Rather, appellant argued that he was actually innocent. Appellant did not demonstrate actual innocence because he failed to show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini*, 117 Nev. at 887, 34 P.3d at 537; *Mazzan*, 112 Nev. at 842, 921 P.2d at 922. We therefore conclude that the district court did not err in denying appellant's petition as procedurally barred, and we affirm the order of the district court.

[2]*Hatfield v. Warden*, Docket No. 57351 (Order of Affirmance, September 15, 2011); *Hatfield v. LeGrand*, Docket No. 62684 (Order of Affirmance, September 16, 2014).

*Docket No. 66489*

In his motion filed on July 30, 2014, appellant claimed that the district court was without jurisdiction because he was actually innocent of the crime, the charging information was insufficient, the jury instructions were inadequate, and he received ineffective assistance of counsel. Appellant's claims fell outside the narrow scope of claims permissible in a motion to correct an illegal sentence. *See Edwards v. State*, 112 Nev. 704, 708, 918 P.2d 321, 324 (1996). Therefore, without considering the merits of any of the claims raised in the motion, we conclude that the district court did not err in denying the motion. Accordingly, we

ORDER the judgments of the district court AFFIRMED.[3]

_____, J.
Parraguirre

_____, J.          _____, J.
Douglas                                  Cherry

_____

[3]We have reviewed all documents that appellant has submitted to the clerk of this court in this matter, and we conclude that no relief based upon those submissions is warranted. To the extent that appellant has attempted to present claims or facts in those submissions which were not previously presented in the proceedings below, we have declined to consider them in the first instance.

cc: Hon. Robert W. Lane, District Judge
Gregory Allen Hatfield
Nye County District Attorney
Attorney General/Carson City
Nye County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A