OPINION
By the Court,
Springer, J.:
Sean White stands convicted of murder with use of a deadly weapon, conspiracy to commit murder, conspiracy to commit robbery and attempted robbery with the use of a deadly weapon. Three witnesses identified White as the man who shot and killed a man in the course of a robbery in a Las Vegas parking garage. From all appearances, it was not necessary for White to kill his robbery victim in order to carry out the robbery; and this crime comprises a particularly atrocious example of arbitrary, uncalled-for cold-blooded murder.
White’s first claim of error is that the district court refused to admit expert testimony on certain psychological factors relating to reliability of eyewitness identification. Although the dissenting justice believes that White was prejudiced by reason of the jury’s not receiving opinion evidence on such psychological phenomena as “unconscious transference,” we conclude, given the firm identification of White by three witnesses, that White received a fair trial.
It is true, as stated in the dissent, that expert testimony may “assist the trier of fact” in some cases; but the trial judge was in the best position to judge whether or not the jury was in need of *1263 this kind of assistance. It is also true that in Echavarria v. State, 108 Nev. 734, 839 P.2d 589 (1992), we reversed a conviction because of the trial court’s rejection of expert testimony of psychological evidence relating to identification, holding that “there was considerable doubt about the reliability of the State’s primary identification witness against [the defendant].” Id. at 746, 839 P.2d at 597. Here there is no such “considerable doubt.” Three witnesses gave similar descriptions of White as the assailant, two of whom identified White in a physical line-up. The victim’s wife testified that she saw White shoot her husband. A hotel employee heard a gunshot and saw a man he identified as White run from the parking lot and into a white car. A hotel security guard saw a man she identified as White go into the parking lot and later heard a gunshot coming from the parking lot. This witness saw White leave the parking lot and get into a white car. This case is very much different from Echavarria. “Decisions regarding the admissibility of expert testimony lie within the discretion of the trial court.” Emmons v. State, 107 Nev. 53, 56, 807 P.2d 718, 720 (1991). We decline to disturb the verdict in this appeal.
White’s other claim of error is that the trial judge should have declared a mistrial because of certain remarks reported to have been made by a juror during penalty deliberations.[1] After this was reported to the court, the jury took no further action with regard to the penalty and was dissolved without having arrived at a penalty verdict. The question is, then, whether the jury’s verdict in the guilt phase should be set aside by reason of the remarks attributed to this juror during deliberations in the penalty phase.
The trial judge, a highly respected jurist of Afro-American descent, ruled that “those comments, while unfortunate, do not in an of itself indicate the defendant himself did not have a fair trial as far as I can see at this time.” Although, as the dissent points out, a defendant is constitutionally entitled to an impartial jury, we are unwilling to say that Judge Addeliar Guy, who was present and was much more aware of the circumstances relating to this incident than are the members of this appellate tribunal, abused his discretion in refusing to grant a new trial. We therefore affirm the judgment of the trial court.
Steffen, C. J., and Young and Shearing, JJ., concur.

One juror reported to the court that during penalty deliberations one of the other jurors had “likened the defendant to a gorilla, a baboon, a native tribesman who is not dangerous to his own people but would club or murder anyone outside of his territory.”