# IN THE SUPREME COURT OF THE STATE OF NEVADA

SEAN D. WHITE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76041

**FILED**

JUN 1 7 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Susan Johnson, Judge. We conclude that the district court did not err in denying the petition as procedurally barred for the reasons discussed below.

Appellant filed his petition on February 16, 2018, almost 22 years after issuance of the remittitur on direct appeal on November 26, 1996. *White v. State*, 112 Nev. 1261, 926 P.2d 291 (1996). Thus, appellant's petition was untimely filed. *See* NRS 34.726(1). Moreover, appellant's petition was successive because he previously litigated a postconviction petition for a writ of habeas corpus, and it constituted an abuse of the writ as he raised claims new and different from those raised in his previous petition.[2] *See* NRS 34.810(1)(b)(2); NRS 34.810(2). Appellant's petition was

---

[1]This appeal has been submitted for decision on the record without briefing or oral argument. NRAP 34(f)(3), (g); *see also* NRAP 31(d)(1); *Luckett v. Warden*, 91 Nev. 681, 682, 541 P.2d 910, 911 (1975).

[2]*White v. State*, Docket Nos. 32482, 36198 (Order of Affirmance and Dismissing Appeal, September 13, 2000).

SUPREME COURT
OF
NEVADA

(O) 1947A

19-26054

procedurally barred absent a demonstration of good cause and actual prejudice. *See* NRS 34.726(1); NRS 34.810(1)(b); NRS 34.810(3).

Appellant claimed that he had good cause because the jury received the *Kazalyn*[3] instruction, which was only recently determined to be unconstitutional. Appellant failed to demonstrate good cause. First, the jury did not receive the *Kazalyn* instruction; rather, it was informed of the separate meaning of the words willful, deliberate, and premeditated. Even assuming that some portion of the instruction given is now disfavored, appellant waited too long to present his claim as the decision in *Byford v. State*, 116 Nev. 215, 994 P.2d 700 (2000), which rejected the *Kazalyn* instruction, was entered 18 years earlier.[4] *See Hathaway v. State*, 119 Nev. 248, 252, 71 P.3d 503, 506 (2003) (recognizing that a claim must be raised within a reasonable time after it arises and a claim that is procedurally barred itself will not provide good cause). Further, *Byford* does not provide good cause in this case because appellant's conviction was final before *Byford* and *Byford* does not apply retroactively. *Nika v. State*, 124 Nev. 1272, 1286-89, 198 P.3d 839, 849-51 (2008). And because the murder was committed during the course of a robbery and appellant was convicted of attempted robbery, he could not show prejudice as his actions met the definition of first-degree murder. NRS 200.030(1)(b); *Payne v. State*, 81

---

[3]*Kazalyn v. State*, 108 Nev. 67, 825 P.2d 578 (1992).

[4]We reject appellant's argument that an unpublished decision entered in *Riley v. Filson*, No. 3:01—cv—0096—RCJ—VPC, 2017 WL 663236 (D. Nev. 2017), provides good cause as it does nothing more than discuss the changes in Nevada state law regarding the first-degree murder jury instructions. The change in law that appellant seeks to apply was announced in *Byford*, not *Riley*, and as noted above his petition is untimely from the decision in *Byford*.

Nev. 503, 505-06, 406 P.2d 922, 924 (1965). Finally, appellant's claim of actual innocence fails because he did not show that "it is more likely than not that no reasonable juror would have convicted him in light of . . . new evidence." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001); *Mazzan v. Warden*, 112 Nev. 838, 842, 921 P.2d 920, 922 (1996). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:  Hon. Susan Johnson, District Judge
     Sean D. White
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk